UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE BEARDSHEAR,<br><br>                Plaintiff,<br><br>  v.<br><br>HAZEL DELL LANES, INC.,<br><br>                Defendant. | CASE NO. C06-5305RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 20-1). The Court has considered the pleadings filed in support of the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2006, plaintiff Michelle Beardshear filed suit in federal court alleging that she was denied access to a Skipper's Restaurant owned, leased, or operated by the defendant because the restaurant is not accessible to people with disabilities. Dkt. 1. The complaint lists the following claims: (1) violation of the Americans with Disabilities Act and (2) violation of the Washington Law Against Discrimination. *Id.* The defendant filed its answer on July 14, 2006. Dkt. 10.

Ms. Beardshear now seeks to amend her complaint to bring her claims against an additional restaurant and add Skipper's, Inc., the operator of both restaurants, as defendant. The defendant has not responded to the motion.

ORDER
Page 1

---

## II. DISCUSSION

A "plaintiff's petition to amend its pleadings to add . . . a party defendant brings into consideration Rules 15 and 20 of the Federal Rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980). Federal Rule 15 provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. Pro. 15(a). It appears that the plaintiff has been unable to secure the written consent of the defendant and therefore seeks leave of court to amend the complaint. Dkt. 20-1 at 2.

Federal Rule 20 provides for the permissive joinder of parties if the plaintiff asserts "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a). These rules afford the courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1375-76 (9th 1980). If the explicit requirements are satisfied, courts consider several factors before determining whether to grant leave to amend. *Id.* at 1375.

Both explicit requirements are met in this case. The series of transactions or occurrences at issue in this case is the plaintiff's visits to Skipper's Restaurants. The common questions of law and fact include whether the conditions at the two restaurants, some of which are alleged to be the same, violate the Americans with Disabilities Act and the Washington Law Against Discrimination.

The plaintiff having satisfied the specific requirements of Rules 15 and 20, the Court must now consider the following factors:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

ORDER
Page 2

*Desert Empire Bank v. Insurance Co.*, 623 F.2d at 1375.

First, the defendant has not opposed the motion and does not contend that it will be prejudiced by the addition of Skipper's Inc.

Second, there is no indication that the plaintiff delayed in seeking to amend the complaint. The fact that the motion to amend was filed before the November 3, 2006, deadline for filing motions to join additional parties is relevant to this factor. *See* Dkt. 19.

Third, the motive of the plaintiff in seeking to amend the complaint does not appear to be improper, and the defendant makes no such allegation.

Fourth, the relationship between the new and old parties can be characterized as close. The complaint names Hazel Dell Lanes, Inc. as defendant. Hazel Dell Lanes, Inc. is named as "the owner, lessee and/or operator of the real property and improvements which is [sic] the subject of this action, to wit: the Skippers Restaurant, located at 6304 N.E. Highway 99, Vancouver, Washington." Dkt. 1 at 2. According to the defendant's initial disclosures, which have not yet been filed with the Court, Skipper's Inc. is a lessee of Hazel Dell Lanes, Inc. Dkt. 20-1 at 2.

Fifth, it appears that adding Skipper's Inc. would not disturb the Court's federal question jurisdiction.

Finally, it is likely that the new party, Skipper's Inc., had notice of this action by virtue of its connection to its lessor Hazel Dell Lanes, Inc. and the lessor's status as a defendant in this case. The Court should therefore permit the plaintiff to amend the complaint to join Skipper's Inc. as a defendant.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 20-1) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER
Page 3

1  DATED this _____ day of November, 2006.

                                                      _____
                                                     Robert J. Bryan
                                                   United States District Judge